J-S59035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LI JIN LU, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LEVIS KENNEY, SR., | : | |
| | : | |
| Appellee | : | No. 954 EDA 2014 |

Appeal from the Judgment Entered March 10, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 120900688

BEFORE: SHOGAN, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 23, 2014**

Li Jin Lu (Lu) appeals from a judgment entered in favor of Levis

Kenney, Sr. (Kenney). We vacate the judgment, reverse in part the order

denying Lu's post-trial motions, and remand for a new trial limited to the

issue of damages.

The background underlying this matter can be summarized as follows.

The parties were involved in a motor vehicle accident, and Lu claimed he

was injured as a result of the accident. Lu filed a complaint against Kenney,

averring that Kenney's negligence was the cause of the accident and his

injuries. Because Lu chose the limited tort option when he purchased

automobile insurance, pursuant to the Motor Vehicle Financial Responsibility

Law (MVFRL),[1] he could recover non-economic damages only if he proved

---

[1] 75 Pa.C.S. §§ 1701-1799.7.

* Retired Senior Judge assigned to the Superior Court.

that he suffered a "serious injury." 75 Pa.C.S. § 1705(a)(1)(A). The MVFRL defines "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

A board of arbitrators determined that Lu was 30% negligent and that Kenney was 70% negligent. However, because the arbitrators found that Lu failed to prove that he suffered a "serious injury," they did not award Lu any damages. Lu appealed to the trial court, and a jury trial later commenced.

The jury returned a verdict in favor of Kenney. More specifically, the jury concluded that both parties were negligent and that their negligence was a factual cause in bringing about harm to Lu. The jury then attributed 50% of the causal negligence to each party. The jury, however, concluded that Lu did not suffer a serious impairment of body function as a result of the accident. Consequently, the jury did not award any damages to Lu.

Lu timely filed post-trial motions. In those motions, Lu sought, *inter alia*, a new trial based upon a claim that the trial court erroneously instructed the jury with respect to what constitutes "serious impairment of body function." On March 10, 2014, the trial court entered an order denying Lu's post-trial motions. In the same order, the court entered judgment in favor of Kenney. Lu timely filed a notice of appeal.

In his brief to this Court, Lu asks us to consider the following question:

[]Whether the trial court abused its discretion and otherwise committed an error of law when it improperly charged the jury,

and defined the term serious impairment of a body function as something that was "grave, not trifling," despite the fact under the laws of the Commonwealth the term has no legal or technical definition, and it is within the sole purview of the jury to define these terms without the assistance of the judge?

Lu's Brief at 7.

Lu challenges the trial court's decision to deny his post-trial motion for a new trial. More specifically, Lu contends that he submitted to the trial court proposed jury instructions and that one of those instructions, Pennsylvania Suggested Standard Jury Instruction-Civil 7.190, addressed "serious impairment of body function."[2] Lu highlights that the court agreed to give the jury standard instructions. N.T., 1/15/2014, at 4.

According to Lu, the trial court did not charge the jury with Pennsylvania Suggested Standard Jury Instruction-Civil 7.190. Instead, the court gave an instruction that, *inter alia*, defined "serious" for the jury. The

---

[2] Lu asserts that Pennsylvania Suggested Standard Jury Instruction-Civil 7.190 provides, in pertinent part, as follows:

> In determining whether the impairment of a body function was serious, you should consider such factors as the extent of the impairment, the particular body function impaired, the length of the time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors.
>
> An impairment need not be permanent to be serious.
>
> **The terms "serious," "impairment," and "body function" have no special or technical meaning in the law and should be considered by you in the ordinary sense of their common usage.**

Lu's Brief at 12 (citing the reproduced record at 22a.) (emphasis in original).

court defined "serious" as "[n]ot trifling; grave." ***Id.*** at 66. Lu takes the position that the court erred as a matter of law by defining "serious" as "grave." We agree.

"[W]hen reviewing the denial of a motion for new trial, we must determine if the trial court committed an abuse of discretion or error of law that controlled the outcome of the case." ***Fletcher–Harlee Corp. v. Szymanski***, 936 A.2d 87, 93 (Pa. Super. 2007) (citation omitted).

> Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case.
>
> > Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is **an omission in the charge which amounts to a fundamental error.** In reviewing a trial court's charge to the jury we must look to the charge in its entirety.

***Gorman v. Costello***, 929 A.2d 1208, 1212 (Pa. Super. 2007) (citations omitted) (emphasis in original).

As this Court has explained,

> [s]everal factors must be considered to determine if the claimed injury is "serious":  [1] the extent of the impairment, [2] the length of time the impairment lasted, [3] the treatment required to correct the impairment, and [4] any other relevant factors. An injury need not be permanent to be serious. We emphasize that the focus of this analysis is not on the injuries themselves, *but on how the injuries affected a particular body function.*

***Graham v. Campo***, 990 A.2d 9, 16 (Pa. Super. 2010) (citations and quotation marks omitted) (emphasis in original).

Here, the trial court did instruct the jury to consider these factors. N.T., 1/15/2014, at 67-68. However, by defining "serious" as "grave," the court took the jury's focus away from these factors and may have misled the jury into believing only a grave injury constitutes a serious injury. While it is true that a grave injury would be a serious injury, an injury need not be grave to be serious.

When we consider the court's charge as a whole, we conclude that the court erred by defining "serious" as it did. That error may have controlled the jury's decision not to award any damages to Lu. We, therefore, conclude that the trial court erred by denying Lu a new trial limited to the issue of damages.

For these reasons, we vacate the judgment, reverse the portion of the trial court's order denying Lu a new trial, and remand for a new trial limited to the issue of damages.

Judgment vacated. Order denying post-trial motions reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014

- 5 -